**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARIGLORY MERCADO SANTIAGO,**

          **Plaintiff,**

**v.**                                                          **Case No:  6:15-cv-2133-Orl-22GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

Mariglory Mercado Santiago (the "Claimant"), appeals to the District Court from a final

decision of the Commissioner of Social Security (the "Commissioner") denying her application

for benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by:

1) failing to apply the correct legal standards when the ALJ found that she was not disabled based

on Medical Vocational Rule 202.16; and 2) failing to account for her hand impairment at steps

four and five of the sequential evaluation process.[1] Doc. No. 22 at 13-15, 24-25. For the reasons

set forth below, it is recommended that the Commissioner's final decision be **REVERSED** and

**REMANDED** for further proceedings.

### I.      STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence.

42 U.S.C. § 405(g) (2010).  Substantial evidence is more than a scintilla – i.e., the evidence must

do more than merely create a suspicion of the existence of a fact, and must include such relevant

---

[1] See *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986), and 20 C.F.R. § 404.1520(a)(4) (2012), for a description of the five-step sequential process to determine whether a claimant is entitled to supplemental security income and disability insurance benefits.

evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS.

### A. Exclusive reliance on the grids.

The Claimant argues that the ALJ erred by exclusively relying on the grids in determining that Claimant is not disabled. Doc. No. 22 at 14. At step five of the sequential evaluation process, the ALJ uses the claimant's residual functional capacity ("RFC"), age, education, and work experience to determine if other work is available in significant numbers in the national economy that the claimant can perform. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).[2] The Commissioner bears the burden at step five to show the existence of such jobs. *Id*. at 1241 n.1 (citing *Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996)). "There are two avenues by which

---

[2] A claimant's RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)).

the ALJ may determine whether the claimant has the ability to adjust to other work in the national economy." *Id.* at 1239. First, the ALJ may apply the grids, found in 20 C.F.R. part 404, subpart P, appendix 2. *Id.* at 1239-40. Second, the ALJ may consult a vocational expert ("VE") by posing hypothetical questions to the VE to establish whether someone with the claimant's impairments would be able to find employment. *Id.* at 1240.

Exclusive reliance on the grids is not appropriate when the "claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips*, 357 F.3d at 1242 (internal quotations omitted). When considering nonexertional impairments, the ALJ "need only determine whether [the] nonexertional impairments significantly limit . . . basic work skills," which includes a wide range of work at a given work level. *Id.* at 1243. If the ALJ determines that claimant's nonexertional limitations do not significantly limit basic work skills at the assigned work level, the ALJ may exclusively rely on the grids to determine whether claimant is disabled. *Id.* If the ALJ determines that claimant's nonexertional limitations significantly limit basic work skills at the assigned work level, however, then the ALJ must consult a VE. *Id.*

At step four of the sequential evaluation process, the ALJ determined that Claimant has the RFC to perform "light work" as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations: the Claimant "must avoid concentrated exposure to temperature extremes, wetness, and humidity, and must avoid even moderate exposure to fumes, dusts, odors, gases, and poor ventilation." R. 18. At step five of the sequential evaluation process, the ALJ exclusively relied on the grids in determining that Claimant is not disabled, explaining that "[C]laimant's non-exertional impairments do not significantly erode the vocational base contemplated by the medical-vocational

rules. Accordingly, the undersigned concludes that expert vocational testimony is not needed in this case to assess the claimant's work capability." R. 23.

Claimant argues that the ALJ failed to apply the correct legal standards by exclusively relying on the grids because when a claimant cannot perform unlimited types of work, vocational expert testimony is required to determine whether her limitations are severe enough to preclude performance of a wide range of work.  Doc. No. 22 at 14.  The Commissioner argues that the ALJ properly relied on the grids because if nonexertional limitations do not significantly limit a claimant's basic work skills at a given exertional level, then vocational expert testimony is not required. *Id*. at 17.

The Court finds that the ALJ erred by exclusively relying on the grids in determining that Claimant is not disabled. The ALJ's RFC determination includes nonexertional limitations not included in the definition of unskilled work, namely limitations to concentrated exposure to temperature extremes, wetness, and humidity, and moderate exposure to fumes, dusts, odors, gases, and poor ventilation. The ALJ summarily concluded, however, that "[C]laimant's non-exertional impairments do not significantly erode the vocational base contemplated by the medical-vocational rules." R. 23. This conclusory finding is not supported by substantial evidence because the ALJ failed to provide any explanation or analysis as to why the additional limitations contained in the ALJ's RFC do not "erode the vocational base." *See Owens v. Comm'r of Soc. Sec.*, 508 F. App'x 881, 884 (11th Cir. 2013) (unpublished opinion) (finding ALJ's statement that "'additional limitations have little or no effect on the occupational base of unskilled medium work' lacks sufficient clarity to allow a reviewing court to determine that the proper legal analysis was conducted.").[3]  The Commissioner attempts to distinguish *Owens* by pointing out that the ALJ

---

[3] Although unpublished opinions are not binding, they are persuasive authority. 11th Cir. R. 36-2. *Owens'* many similarities to this case renders it highly persuasive.

discussed rule 202.16 and Table 2 of rule 202.00. Doc. 22 at 22-23. The ALJ's discussion focused only on the rule allowing a finding of light work to encompass a finding of sedentary work, and then added the number of sedentary jobs to the number of jobs requiring light work. R. 23. There was no discussion of how limitations to concentrated exposure to temperature extremes, wetness, and humidity, and moderate exposure to fumes, dusts, odors, gases, and poor ventilation affect the range of sedentary and light work jobs. Accordingly, remand is necessary for the ALJ to provide an explanation or analysis as to whether limitations to concentrated exposure to temperature extremes, wetness, and humidity, and moderate exposure to fumes, dusts, odors, gases, and poor ventilation would preclude a wide range of light work and, if so, to obtain testimony from a VE.

### B. Hand impairment.

Claimant states that several doctors found that she has a hand impairment. Doc. No. 22 at 24. The ALJ did not state what weight he gave those opinions and failed to account for those opinions in his findings. *Id.* The ALJ did not include a hand impairment in his lists of severe and non-severe impairments. *Id.*; R. 15. Instead, the ALJ found that "there is no evidence that the claimant has any limitation in her ability to perform fine or gross manipulations with her bilateral upper extremities, or that she has any decreased grip strength." R. 20. Claimant contends that this finding is not supported by substantial evidence. Doc. No. 22 at 25.

The Commissioner responds that the Claimant's attorney did not mention any hand impairments or limitations in arguing for a less than sedentary RFC. *Id.* at 26. The Commissioner notes that the medical records do not indicate any limitations regarding Claimant's hands. *Id.* The Commissioner also points out that, even if the diagnoses could be interpreted as opinions that the Claimant had limitations regarding her hands, their opinions do not establish that she had those limitations for any consecutive twelve-month period. *Id.* at 26. The Claimant's hand problems

were caused by her April 2013 car accident, which was seven months before the hearing and eleven months before the ALJ's decision. *Id.* at 27. The Commissioner asserts that there is no obligation for the ALJ to specifically address every medical opinion. *Id.* at 27-28. Even if the ALJ erred by not discussing the evidence regarding the Claimant's hand condition, this error was harmless because it would not change the conclusion that there is no evidence that the Claimant had work-related limitations or had the RFC to perform a range of light work. *Id.* at 28.

The ALJ's statement that there is no evidence Claimant has limitations in her ability to perform fine or gross manipulations with her upper extremities, or any decreased grip strength is not supported by substantial evidence. R. 20. There is evidence that the Claimant is limited in her ability to perform fine manipulations with her bilateral upper extremities. The office treatment records from the Completecare Health Network state an assessment that the Claimant has "right thumb trigger finger." R. 473. Because trigger finger is the thumb locking when it becomes bent, this is evidence of a limitation in ability to perform fine manipulation with upper extremities. Additionally, the Claimant testified that she cannot bend her thumb because she has a pinched nerve, R. 46, and two doctors wrote in her medical records that she has numbness and tingling in her hands. R. 403, 472. Her medical records from Alexander M. Pendino, D.O., which are from a follow-up neurological evaluation, state that she suffers from finger cramping. R. 403. Thus, the ALJ's determination that there was no evidence of the aforementioned limitation is not supported by substantial evidence. R. 20.

The Commissioner argues that this error was harmless because the Claimant's hand injury occurred less than twelve months before the hearing. Doc. No. 22 at 27. The Commissioner also argues that the error was harmless because it would not change the conclusion that the Claimant had work-related limitations or had the RFC to perform a range of light work. *Id.* at 28.

These arguments are unavailing because the ALJ did not consider a possible hand limitation; instead he stated that there was no evidence of a limitation. Because there was evidence of a hand limitation in the record, the Court cannot speculate as to how the ALJ would have regarded such evidence. *See Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005) (court could not evaluate whether ALJ's error was harmless when ALJ did not consider required factors).[4] What is clear from the ALJ's statement is that he did not consider the evidence of Claimant's hand limitations. Because the ALJ did not consider the hand impairments at all, reversal is warranted.

Accordingly, it is recommended that the Court reverse and remand the final decision of the Commissioner for further proceedings.

### III.   CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that the Court:

1.   **REVERSE** and **REMAND** the final decision for further proceedings; and

2.   Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on November 4, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[4] Simply because the injury did not exist for the twelve months preceding the hearing does not mandate that the injury would not qualify as an impairment. "Impairments" include those that "*can be expected to last* for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (emphasis added).

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson, Esq.
3200 Corrine Dr.
Orlando, FL 32803

John F. Rudy, III
Assistant United States Attorney
Suite 3200
400 N. Tampa St.
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Susan Kelm Story, Acting Deputy Regional Chief Counsel
Joseph P. Palermo, III, Acting Branch Chief
Richard W. Winters, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
Office of the General Counsel, Region IV
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Daniel W. Shoemaker Jr.
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
2475 McClellan Ave.
Pennsauken, NJ 08109-9937