# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIGLORY MERCADO SANTIAGO,**

        **Plaintiff,**

**v.**                                     **Case No:  6:15-cv-2133-Orl-22GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNCONTESTED MOTION FOR ATTORNEY'S FEES (Doc. No. 26)** |
| **FILED:** | **December 29, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

On November 23, 2016, the Court entered judgment reversing and remanding this case to the Commissioner of Social Security (the "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 25. On December 29, 2016, Plaintiff filed her Uncontested Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d) (the "Motion"). Doc. No. 26. In the Motion, Plaintiff requests the Court to award attorney's fees in the amount of $3,165.34. *Id.* at 1.

In the Motion and attachments, counsel for Plaintiff, Richard A. Culbertson, states that he and his law firm performed the following work:

| Attorney / Paralegal | Year | Hourly Rate | Time (in hours) | Total |
|---|---|---|---|---|
| Richard A. Culbertson | 2015 | $190.27 | .7 | $133.18 |
| | 2016 | $191.68 | 1.9 | $172.51[1] |
| Sarah Fay | 2015 | $190.27 | .9 | $171.24 |
| | 2016 | $191.68 | 6.2 | $1,188.41 |
| Michael Culbertson | 2016 | $75.00 | 20 | $1,500.00 |
| **TOTAL** | | | | $3,165.34 |

Doc. No. 26 at 2, 8, 12-14. In the Motion, counsel states that the hourly rates requested do not exceed the statutory caps adjusted for inflation. *Id.* at 8-11. Counsel has stated that the Commissioner has agreed to pay EAJA fees directly to counsel pursuant to Plaintiff's retainer agreement (Doc. No. 26-1) so long as it is determined that Plaintiff does not owe a debt to the Government. Doc. No. 26 at 2-3.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-30 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. However, the Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *Id.* at 2528-29. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) in order to be valid. *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

---

[1] Counsel Culbertson's total calculation for work performed in 2016 should be $364.19 (1.9 x $191.68). However, the Court will accept counsel's request as stated in the Motion.

Specifically, Section 3727(b) provides that:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added). Thus, any assignment of EAJA fees which predates an award and determination of an attorney fee amount is voidable. *See Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008); *Young v. Astrue*, No. 3:09–CV–132 CDL–MSH, 2011 WL 1196054, at * 3-4 (M.D. Ga. Feb 24, 2011).

In the Motion, Plaintiff requests an award of attorney's fees. Doc. No. 26. In compliance with *Ratliff*, the Court concludes that Plaintiff is entitled to $3,165.34 in attorney's fees and that such fees are reasonable.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 26) be **GRANTED in part and DENIED in part** as follows:

1. The Motion is granted to the extent that the Court awards EAJA fees to Plaintiff in the amount of $3,165.34; and

2. Otherwise, the Motion be **DENIED**.[2]

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

---

[2] The United States Department of the Treasury (the "Department") may exercise its discretion to honor Plaintiff's assignment of benefits if it determines that Plaintiff does not owe a debt to the Government. However, the undersigned is not recommending that the Court order the Department to honor it.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on February 16, 2017.


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy